## In re: VITAMINS ANTITRUST LITIGATION

### No. MISCNO99–197 TFH/JMF.

United States District Court,
District of Columbia.

May 25, 2004.

### ORDER

FACCIOLA, United States Magistrate Judge.

This case is before the Court upon consent of the parties to a hearing before a United States Magistrate Judge. A five-day hearing is currently scheduled for July 19, 2004. In preparation for the hearing, it is, hereby, ORDERED that:

1. The following pleadings and exchanges shall be filed and exchanged subject to confidentiality provisions contained in an Order that will be issued shortly. In the meantime, all documents are to be filed under seal.

2. Both Chitwood & Hartley ("claimant") and Cohen, Milstein, Hausfield, & Toll ("defendant") shall serve upon each other and deliver to chambers short statements in which they explain their respective positions as to why the distribution was fair or unfair. Each statement should be no more than five pages and shall not contain any legal citations. Chambers has already received Chitwood & Hartley's statement. Cohen, Milstein, Hausfield & Toll shall serve and deliver its statement by Friday, May 28, 2004. These statements shall be filed with the court under seal.

3. By June 1, 2004, the parties shall also exchange lists of witnesses they anticipate calling. The parties shall designate which witnesses will not be present for the hearing. By June 18, 2004, the opposing party will make any objections it has as to whether the witness's deposition is admissible under Federal Rule of Civil Procedure 32. Any objections must be submitted to chambers. In the event of a dispute as to the admissibility of a deposition, the Court will promptly rule.

4. By June 1, 2004, the parties shall exchange their exhibit lists and their exhibits.

5. The parties shall file a Joint Pre-Hearing Statement by July 2, 2004. To accomplish this, the parties shall meet and confer prior to the filing of the Joint Pre-

Hearing Statement to discuss all pre-hearing matters. The Joint Pre–Hearing Statement shall contain the following information:

a. *A schedule of the witnesses to be called by each party;*

Specifically, the first subdivision under witnesses shall be entitled "Witnesses which both Parties shall Call." The parties should indicate the anticipated duration of each witness's testimony and a brief summary of his or her anticipated testimony. The second subdivision shall be entitled "Claimant's Witnesses" and shall follow the same format as to each of the witnesses claimant intends to call but whom defendant does not. The third subdivision shall be entitled "Defendant's Witnesses" and shall follow the same format as to each witness defendant intends to call but whom claimant does not. The parties shall also indicate any objections to any witness named.

b. *A list of exhibits to be offered in evidence by each party;*

The first subdivision under exhibits shall be entitled "Joint Exhibits." In this subdivision, the parties shall list all the exhibits to which neither party has any objection and shall identify each such exhibit by a joint exhibit number, date, and author. A brief summary of the exhibit shall also be provided. The parties shall use the following format:

| JEX # | Date | Author | Summary |
|---|---|---|---|
| 1 | 10/21/95 | Smith | Memorandum re: job assignments |

The second subdivision of the portion of the Pre–Hearing Statement entitled "Exhibits" shall be entitled "Claimant's Exhibits." In it, claimant will list its exhibits and defendant will note its objection using the following format:

| PEX # | Date | Author | Summary | Objection | Fed. R. Evid. |
|---|---|---|---|---|---|
| 1 | 10/21/95 | Smith | Memorandum re: job assignments | Relevance | 403 |

The third subdivision of the portion of the Pre–Hearing Statement entitled "Exhibits" shall be entitled "Defendant's Exhibits." In it defendant will list its exhibits and claimant will note its objection using the identical format.

c. *A designation of depositions, or portion thereof, to be offered in evidence by each party;*

Specifically, if either party contemplates using a deposition in *lieu* of live testimony, that party shall designate the deposition to be used and identify by page and line number the portions of the deposition to be used. The opposing party will then (a) designate by page and line number what additional portions of the deposition it intends to offer and (b) state whatever objections it has to the portion of the deposition which its opponent has designated. The parties will then meet and prepare a version of the deposition which shows by type face or interlineation: (a) the portions of the deposition which the parties are agreed may be offered into evidence, (b) the portions of the deposition which claimant wishes to offer but to which defendant objects, and (c) the portions of the deposition which defendant wishes to offer but to which claimant objects.

The above materials are to be jointly submitted to chambers, and the submission should reflect a good faith effort to resolve any disagreements. Where disagreements remain, the document should be organized to show items of agreement and to display, in some adjacent fashion, the parties' respective alternatives or objections on the items of disagreement.

In addition, as agreed by the parties, it is, hereby **ORDERED** that, at the hearing:

1. Each party will have the option of making opening and closing statements;

2. Chitwood & Hartley will call its witnesses first;

3. Each party may cross the other party's witnesses on any relevant matter, even if the questions are outside the scope of what was asked on direct examination, so that each witness will only be called once; and

4. The post-trial briefing schedule will be set after the hearing has concluded.

It is further, hereby, **ORDERED** that the failure to comply with the requirements of this order will subject the party or attorney to appropriate sanctions under the rules.

**SO ORDERED.**